# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| COLMENARES CALDERON, JULIAN DAVID | ) | |
| | ) | |
| OFORM DESING BUILD LLC | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 8:26-cv-00726-WFJ-CPT |
| v. | ) | |
| | ) | Judge: William F. Jung |
| U.S. DEPARTMENT OF | ) | |
| HOMELAND SECURITY et al. | ) | Magistrate Judge: Christopher P. Tuite |
| Defendants. | ) | |

## MOTION FOR PRELIMINARY INJUNCTION
## AND/OR TEMPORARY RESTRAINING ORDER
## AND ATTACHED MEMORANDUM OF LAW IN SUPPORT

Pursuant to Federal Rules of Civil Procedure 65(a) and (b), Plaintiffs hereby move for a temporary restraining order and preliminary injunction as set forth below and for the reasons set forth in the accompanying Memorandum of Law in Support. Plaintiffs' request is made in order to preserve the status quo, reopening the Plaintiffs' I-129 application as of the date of the denial, pending final adjudication of this matter to prevent irreparable harm to Plaintiffs arising from Defendants' unjustified denial of their Change of Status applications. Plaintiffs specifically request that the Court direct Defendants toll the accrual of unlawful status for Plaintiff Colmenares and a Notice to Appear in Removal Proceedings ("NTA") not be issued until this Court has an opportunity to resolve the merits of Plaintiffs' claims and enjoin Defendants from enforcing or giving effect to the challenged denials and any related determinations during the pendency of this action.

1

Respectfully Submitted,

**_s/Patricia Castillo Flangan_**

Patricia Castillo Flanagan, Esq.
FL Bar No. 71613
Work Visa Lawyers, PA
261 N University Dr Ste 500
Plantation, FL 33324
patricia@workvisalawyers.com
754-888-0116
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| COLMENARES CALDERON, JULIAN DAVID | ) | |
| | ) | |
| OFORM DESING BUILD LLC | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 8:26-cv-00726-WFJ-CPT |
| v. | ) | |
| | ) | Judge: William F. Jung |
| U.S. DEPARTMENT OF | ) | |
| HOMELAND SECURITY et al. | ) | Magistrate Judge: Christopher P. Tuite |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OF LAW IN SUPPORT</u>

Pursuant to 5 U.S.C. § 705, to the extent necessary to prevent irreparable injury, this Court may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve the status or rights pending conclusion of the review proceedings. Plaintiffs also requestfully and specifically request a Notice to Appear in Removal Proceedings not be issued until this Court has an opportunity to resolve the merits of Plaintiffs claims.

To obtain a preliminary injunction, a plaintiff must establish that: "(1) the movant enjoys a substantial likelihood of success on the merits of the underlying case; (2) the movant would suffer irreparable harm without an injunction; (3) the harm suffered by the movant if no injunction issued would exceed the harm suffered by the opposing party if it did; and (4) the injunction would not disserve the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). As the case with the Defendants in this matter, where the government is the party

3

opposing the injunction, the third and fourth equitable factors merge. *See Gonzalez v. Governor of Ga.*, 978 F.3d 1266, 1271 (11th Cir. 2020).

I.    **Plaintiffs Are Entitled to Preliminary Relief.**

1.    **Plaintiffs Have a Strong Likelihood of Success on the Merits.**

Plaintiffs, Mr. Julian David Colmenares Calderon (hereinafter, "*Plaintiff Colmenares*") and the company Oform Desing Build LLC (hereinafter, "*Oform*" or "the Company"), are likely to succeed on the merits of their claim that the U.S. Citizenship and Immigration Services ("USCIS") acted arbitrarily, capriciously, and contrary to law in denying their Form I-129 application to change status, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A). The agency's decision ignored controlling statutory provisions, misapplied its own binding policies, and relied on factual errors, rendering the denial legally deficient.

A.    **USCIS erroneously applied 8 U.S.C. § 1361.**

USCIS denied Plaintiffs' I-129 applications solely under 8 U.S.C. § 1361 denying the application with the argument that the burden of proof, which rests solely on the Plaintiffs, was not met. (ECF No. 3 at 1). The burden of proof under 8 U.S.C. § 1361 required Plaintiffs to show by a preponderance of evidence – "more likely than not" – that Oform is a bone fide enterprise. *Matter of Chawathe*, 25 I&N Dec. 369, 376 (AAO 2010). Under 8 C.F.R. §214.2(e)(13), a bona fide enterprise is defined as "a real, active, and operating commercial or entrepreneurial undertaking which produces services or goods for profit. The enterprise must meet applicable legal requirements for doing business in the particular jurisdiction in the United States." USCIS alleged in their denial that Plaintiffs had not established that Oform was more likely than not a bona fide enterprise. (ECF No. 3 at 1)

4

This was a clear legal error because Plaintiffs have demonstrated with the evidence included in the initial I-129 filing on October 13, 2025 and the subsequent Request for Evidence response on January 6, 2026, that Plaintiff Colmenares has invested in a real, active, and operating enterprise that produces services for profit, hence complying with 8 U.S.C. § 1361 and meeting the burden of proof. (*See generally* ECF No. 5, 7-21.)

Evidence the Plaintiffs provided to meet their burden of proof include but are not limited to: Oform's Business Plan, bank statements, receipts for purchase of a company vehicle and business service subscriptions, subcontractor agreements, works contracts, an independent contractor agreement, and an office lease agreement. USCIS, in their adjudication, claimed this evidence submitted was not enough even though it stated the following evidence could be submitted to show that Oform is a bona fide enterprise:

a. detailed description of the company's activities,

b. additional invoices,

c. utility bills,

d. customer or vendor contracts,

e. tax returns,

f. documents showing real property interest,

g. a lease,

h. and payroll for employees.

(*See* ECF No. 3 at 2)

Despite Plaintiffs providing much of the requested evidence, USCIS ignored the evidence or claimed it was not sufficient to show Plaintiff Oform is a bona fide enterprise. Additionally, Plaintiffs provided a letter in support of their initial I-129 filing and a response letter to the

Request for Evidence (RFE) USCIS made. (*See* ECF No. 5, 7). USCIS capriciously disregarded the RFE response letter as "mere assertions of counsel without documentary support" when each statement was supported by evidence in the record. (ECF No. 3 at 3). In ignoring and undermining the evidence establishing that Plaintiff Oform is a bona fide enterprise, acted arbitrarily, capriciously, and contrary to law in denying Plaintiff's I-129 change of status petition.

**B.      USCIS claimed to find discrepancies in the record but made no effort to inquire after these nor gave Plaintiffs the opportunity to resolve them and erroneously denied the application based on those alleged discrepancies.**

In addition to the Company's main address (1010 S. Martin Luther King Jr. Ave, Unit A, Clearwater, FL) stated throughout the initial filing and subsequent RFE evidence, there was an address for a future office lease. (ECF No. 18 at 1). USCIS mistakenly assumed that there was a discrepancy with the Company's address because it believed the future lease address (410 South Lincoln Avenue, Clearwater, FL 33756) was the current address of the Company and the one Plaintiffs' submitted was wrong. (ECF No. 3 at 3). This mistake on USCIS's part made it cast doubt on the entirety of Plaintiffs' submitted evidence. *Id.* at 3-4. However, USCIS had not mentioned this alleged discrepancy in the RFE or any other document to allow Plaintiffs to resolve USCIS's misunderstanding.

Additionally, USCIS took issue with the fact that one of the work locations for a customer contract with Oform was at the same address as the leased office suite. *Id.* at 3. This contract was for landscaping work between Oform and Mr. Kenny Hayslett for the gardens around the office building and includes a separate property for Oform to also work on. (*See generally* ECF No. 15). USCIS regarded this as a discrepancy that cast doubt on all the evidence as if a design and landscaping company like Oform cannot perform these services on the same

6

property. USCIS stated that the Plaintiffs had to "resolve any inconsistencies in the record by independent objective evidence" and yet provided no opportunity to the Plaintiffs to do so. (ECF No. 3 at 3). USCIS had questions about Oform's address since the initial I-129 filing and yet did not include any of these alleged discrepancies in the RFE it sent or in any other document providing notice. Instead, USCIS used these alleged discrepancies to make the unsubstantiated claim that Plaintiffs' evidence was insufficient to establish Plaintiff Oform as a bona fide enterprise. (ECF No. 3 at 4).

### C.    Plaintiffs met the burden of proof that the company Oform is a bona fide enterprise.

Plaintiffs are required to show by a preponderance of the evidence, more likely than not, that the E-2 company, Oform, is a bona fide enterprise under 8 C.F.R. §214.2(e)(13). The Plaintiffs did meet the standard of proof with the evidence submitted in the initial filing and in response to the RFE. The evidence submitted shows that Oform is more likely than not a bona fide enterprise.

With the initial I-129 filing, Plaintiffs submitted organizational documents, bank statements, a business plan, photographs, invoices, and lease documents to demonstrate that Oform is a new and bona fide enterprise. (*See generally* ECF No. 8-10, 18-20). Later, in their response to USCIS' Request for Evidence, the Plaintiffs provided invoices, bank statements with vendor payments and other business transactions, proof of payment to an independent contractor (Administrative Assistant), contractual agreements entered into by Oform for various projects, as well as subcontracting agreements for the completion of the contracted work. (*See generally* ECF No. 11-17, 21).  These contracts and documents provided are conclusive evidence that Plaintiff

Oform, though a new company, is a bona fide enterprise as it was real, active, and operating its business and producing services for profit.

**2. Plaintiffs Will Suffer Irreparable Harm if the Court Does Not Grant Them Injunctive Relief.**

Plaintiffs urgently need relief from this Court to maintain the status quo by reopening the Plaintiffs' I-129 application as of the date of the denial, and postponing the effectiveness of the Plaintiffs' change of status denials to prevent irreparable harm to Plaintiff Colmenares and the company Oform. To be granted injunctive relief, the asserted irreparable injury must be actual and imminent and not speculative or remote. See *Siegel*, 234 F.3d 1176.

Here, the injuries to Plaintiffs are actual and imminent as laid out below:

**A. If the Injunction is not granted, the Plaintiff Colmenares will have to leave the United States, and his APA complaint in Federal Court will become moot.**

Without a temporary restraining order, Plaintiff Colmenares would have to leave the United States to avoid accruing 180 days of unlawful status, his departure would render this case moot as the relief we are requesting in the APA Complaint filed on March 18, 2026 is that his I-129 Petition be reopened and readjudicated. (See Pls.' Compl., ECF No. 1 at 31). USCIS cannot approve an I-129 change of status case if the beneficiary has left the United States before the petition was approved as it would be considered abandoned. As such, if Plaintiff Colmenares has to leave the United States, his I-129 Petition would be considered abandoned, and he would incur additional costs and face greater difficulties to seek relief.

**B.      If this Injunction is not granted, Plaintiff Colmenares will be issued an Notice to Appear and put in removal proceedings.**

USCIS policy dictates that Plaintiff Colmenares will be issued an NTA and be put in removal proceedings based on the erroneous denial of his I-129 petition on February 3, 2026. (*See* ECF No. 3 at 4). "USCIS will issue an NTA where, upon issuance of an unfavorable decision on a benefit request, the alien is not lawfully present in the United States."[1] As a result, Plaintiff Colmenares could be removed from the United States if this Court does not grant him an injunction so that a decision may be made on the APA Complaint.

**C.      Plaintiff Colmenares was in legal status, but the denial caused him to be out of status.**

Plaintiff Colmenares was in legal status at the time of filing the I-129 Change of Status Petition and has maintained legal status until the denial by USCIS. The erroneous denial caused Plaintiff Colmenares to be out of status, but if this injunction is approved, he will be deemed to have maintained status.

**D.      Plaintiff Oform will not be able to comply with its contractual obligations with its clients and subcontractors and will not be able to continue providing work for its independent contractor.**

If the injunction is not granted, Plaintiff Oform will not be able to perform its business operations and obligations. Plaintiff Oform has contractual work on several properties for which the clients have already paid, as well as agreements with subcontractors that it needs to work with and pay, including but not limited to:

---

[1] Policy Memorandum, USCIS, SUBJECT: Issuance of Notices to Appear (NTAs) in Cases Involving Inadmissible and Deportable Aliens, at 5 (Feb. 28, 2025), available at https://www.uscis.gov/sites/default/files/document/policy-alerts/NTA_Policy_FINAL_2.28.25_FINAL.pdf.

a.  Plaintiff Oform contracted with Mr. Kenny Hayslett for work on a hotel property at 12112 Gulf Blvd, Treasure Island, FL 33706. (*See* ECF No. 15 at 1).

b.  Plaintiff Oform subcontracted Quick and Integral Solutions for additional services at hotel property at 12112 Gulf Blvd, Treasure Island, FL 33706 as well. (*See* ECF No. 12 at 1).

**c.**  Plaintiff Oform contracted with Mr. Kenny Hayslett for work on two properties at 410 S. Lincoln Avenue, Clearwater, FL 33756 and 1267 Court Street, Clearwater, FL 33756. (*See* ECF No. 16 at 1).

If this injunction is not granted, Plaintiff Oform will be unable to carry out its contractual obligations to its clients and subcontractors. Additionally, Plaintiff Oform has an independent contractor working as an Administrative Assistant for the company. (*See generally* ECF No. 21). Without an injunction, Plaintiff Oform will be unable to provide work to his Administrative Assistant nor pay him for that work.

### E.    Plaintiff Oform will have to abandon its work office lease and remodeling it had paid for for the office space.

Plaintiff Oform entered a lease agreement for an office space at 410 Lincoln Avenue, Clearwater, FL 33756 for the time period of October 15, 2025 to October 14, 2026. (*See* ECF No. 18 at 1). Plaintiff paid $6,000.00 as advance payment of the entire year lease. *Id.* Plaintiff Oform also entered into a remodeling contract for this office space with Quick & Integral Solutions LLC for which it has paid $8,000.00. (*See* ECF No. 20 at 2). Without an injunction, Plaintiff Oform will have to abandon its lease for this office space which it has already paid through October of 2026 and paid to be remodeled.

### 3. The Balance of Harms Weighs Strongly in Plaintiff's Favor.

The harm that Plaintiffs will suffer in the absence of the requested relief is plain: the improper denials leave Plaintiff Colmenares without lawful immigration status in the United States, subjecting him to detention and removal and a 3-year bar to reentry if he accrues unlawful presence exceeding 180 days along with the abovementioned harms. Plaintiff Oform will not be able to fulfil any of its contractual obligations. The harms facing Plaintiffs are severe for parties who are investing money in the United States and trying to create jobs.   Whereas, postponing the effectiveness of the denial and tolling the accrual of unlawful presence for Plaintiffs will not require any action on the part of the Defendants and will not cause any harm whatsoever to the Defendants. Thus, the harm suffered by the Plaintiffs if no injunction issued would greatly exceed the harm suffered by the Defendants in this case.

**4. The Requested Relief would not disserve the Public Interest**

Plaintiffs are entitled to a temporary restraining order and preliminary injunction postponing the effectiveness of the denial because Plaintiffs have shown they will likely succeed on the merits; they are likely to suffer irreparable harm in the absence of preliminary relief; the balance of the equities are in favor of Plaintiffs since the Defendants are not prejudiced in any way by granting the requested relief; and granting the relief is in accord with the public interest in enforcing the APA. The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *See Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982) ("One inherent characteristic of a temporary restraining order is that it has the effect of merely preserving the status quo[.]") A temporary restraining order would maintain the status quo that existed before a USCIS petition denial, to permit Plaintiff Colmenares to remain in the United States while his claims are being

11

adjudicated. A temporary restraining order would also allow Plaintiff Oform to perform its contractual obligations.

Preliminary relief will also benefit the public because government agencies must be held to abide by the federal laws that govern them and their operations. USCIS, misapplied its own policies for notifying Plaintiffs of possible discrepancies, and issued a decision riddled with internal contradictions and factual errors. Under the APA, such agency action cannot stand.

This factor therefore also weighs in Plaintiff's favor.

## II.    No Security is Required.

The Eleventh Circuit has observed that security is not mandatory under Rule 65(c), and can be dispensed within the discretion of the court. See *BellSouth Telecommunications, Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005).  No security is needed in this case, as it threatens no financial harm to Defendants.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully move the Court to issue preliminary relief.

Respectfully submitted,

*s/Patricia Castillo Flangan*

Patricia Castillo Flanagan, Esq.
FL Bar No. 71613
Work Visa Lawyers, PA
261 N University Dr Ste 500
Plantation, FL 33324
patricia@workvisalawyers.com
754-888-0116
Attorney for Plaintiffs

12