# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JULIAN COLMENARES
CALDERON**, et al.,

      Plaintiff,

**v.**

                                           Case No: 8:26-cv-00726-WFJ-CPT

**PAMELA BONDI,** et al.,[1]

      Defendant.

                                         /

## ORDER

Before the Court is Plaintiffs Julian David Colmenares Calderon and Oform Desing Build, LLC's Motion for Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(a). Dkt. 8. Defendants Todd Blanche, Markwayne Mullin, Joseph Edlow, and Carry Selby ("Defendants")—sued in their official capacities— have responded in opposition. Dkt. 15. On April 24, 2026, the Court held a telephonic hearing on this matter. Dkt. 20. Upon careful consideration, and with the benefit of able argument by both sides, the Court denies without prejudice as moot Plaintiffs' motion for preliminary injunction.

---

[1] Interim Attorney General Todd Blanche and Secretary of Homeland Security Markwayne Mullin are automatically substituted for their predecessors pursuant to Fed. R. Civ. P. 25(d).

## BACKGROUND

The dispute centers around Plaintiff Colmenares Calderon's claim that the U.S. Citizenship and Immigration Services ("USCIS") acted arbitrarily, capriciously, and contrary to law in denying his Form I-129 application to change his visa status, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A). Dkt. 8 at 4.

Plaintiff Colmenares Calderon is a native and citizen of Colombia who entered the United States on a B-2 visitor visa on October 11, 2024. Dkt. 15-1 at 1.[2] This B-2 temporary visitor visa permitted Mr. Colmenares Calderon to remain in the United States through April 10, 2025. *Id.* On February 24, 2025, Mr. Colmenares Calderon filed Form I-539, Application to Extend/Change Nonimmigrant Status, to change his status from B-2 visitor to B-1 business visitor. *Id.* This request was approved on April 15, 2025, and Mr. Colmenares Calderon's permission to remain in the United States was extended to October 14, 2025. *Id.*

On October 13, 2025, the day before the expiration of Mr. Colmenares Calderon's visa, Plaintiff Oform Desing LLC ("Oform") filed Form I-129, seeking to classify Mr. Colmenares Calderon as an E-2 Treaty Investor based on his investments in Oform. Dkt. 1 ¶¶ 5, 19. On October 30, 2025, USCIS issued a Request

---

[2] "At the preliminary injunction stage, a district court may rely on affidavits and hearsay materials which would not be admissible evidence for a permanent injunction, if the evidence is appropriate given the character and objectives of the injunctive proceeding." *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (citation modified).

for Evidence stating that additional information was needed to proceed with the petition's adjudication. *Id.* ¶ 20; Dkt. 1-6. Plaintiffs responded with the requested documents, and on February 3, 2026, USCIS denied the petition for change of status. Dkt. 1 ¶¶ 21–24. In the decision letter, USCIS found that Plaintiffs had not established Oform as a bona fide enterprise under 8 CFR § 214.2(e)(13). *Id.* ¶ 23; Dkt. 1-3 at 1.

On March 18, 2026, Plaintiffs filed suit in this Court, arguing that USCIS acted arbitrarily, capriciously, and otherwise not in accordance with the law when it denied Plaintiffs' change of status petition. Dkt. 1 ¶ 25. In the Complaint's prayer for relief, Plaintiffs request that, *inter alia*, the Court "[o]rder Defendants to reopen and approve the instant I-129 and classify Mr. Colmenares as [an] E-2 Treaty Investor." Dkt. 1 at 31. On March 25, 2026, Plaintiffs filed the instant motion for preliminary injunction. Dkt. 8. Similar to the Complaint, the motion requests the Court to "reopen[] the Plaintiffs' I-129 application as of the date of the denial, pending final adjudication of this matter to prevent irreparable harm to Plaintiffs arising from Defendants' unjustified denial of their Change of Status applications." *Id.* at 1.

Importantly, on March 28, 2026, three days after Plaintiffs filed the motion for preliminary injunction, USCIS issued a Notice to Appear ("NTA") for Plaintiff Colmenares Calderon. Dkt. 15-1. The NTA was served by mail. *Id.* at 3. Following

the NTA, USCIS determined it was appropriate to reopen the previously denied I-129 petition, and a notice of the change in decision was issued on April 13, 2026. Dkt. 15-2. As of the date of this Order, the original denial decision challenged in the Complaint has been withdrawn. *Id.* ("We have reopened your case, or reconsidered the decision previously issued on your case. We will notify you in writing when we make a decision on your case or if we need additional information."). Plaintiff Colmenares Calderon's NTA has been processed with the Executive Office for Immigration Review, and removal proceedings are pending. Dkt. 15-3. In this regard, Plaintiff Colmenares Calderon's first hearing before an immigration judge is on October 13, 2028. *Id.*

## LEGAL STANDARDS

To obtain a preliminary injunction concerning the Rules, Plaintiffs must show that: (1) they have "a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc). "The first two factors are 'the most critical.'" *Swain v. Junior*, 958 F.3d 1081, 1088 (11th Cir. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). Further, "the third and fourth factors [tend to] merge when, as here, the government is the opposing

party." *Gonzalez v. Governor of Georgia*, 978 F.3d 1266, 1271 (11th Cir. 2020) (cleaned up) (citations omitted).

However, before considering the preliminary injunction factors, this Court must have subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). This is because "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). It is presumed that a federal court lacks jurisdiction in a case until the plaintiff demonstrates the court has jurisdiction over the subject matter. *See id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. 8, 11 (1799); *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 182–83 (1936)). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (citation modified). A defendant may challenge subject matter jurisdiction facially or factually. *See Douglas v. United States*, 814 F.3d 1268, 1274–75 (11th Cir. 2016). A facial attack requires the court to examine the complaint, taken as true, to determine whether the plaintiff has sufficiently alleged a jurisdictional basis. *Id.* at 1274. A factual attack "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Id.* at 1278 (citation modified).

5

## DISCUSSION

Defendants suggest that Plaintiffs lack standing because this case is now moot. Specifically, Defendants argue that the I-129 petition at issue has been reopened, obviating the need for preliminary injunctive relief. Dkt. 15 at 6. For the reasons discussed below, the Court agrees.

Article III, § 2 of the Constitution limits a federal court's jurisdiction to "Cases" or "Controversies." U.S. Const. art. III, § 2. "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976)). As such, Article III requires a case or controversy to exist at all times during the litigation. *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009). "A moot case is nonjusticiable[,] and Article III courts lack jurisdiction to entertain it." *Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla.*, 382 F.3d 1276, 1281 (11th Cir. 2004).

When the only relief requested is injunctive relief (as is the case here), it is possible for subsequent events after litigation begins to render the matter moot, *Seay Outdoor Advert., Inc. v. City of Mary Esther, Fla.*, 397 F.3d 943, 946 (11th Cir. 2005), by "mak[ing] it impossible for the court to grant any effectual relief whatever to a prevailing party." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12

(1992) (citation modified); *see also Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n, Inc.*, 115 F.4th 1266, 1283 (11th Cir. 2024) ("Usually, a case must be dismissed as moot if events that occur subsequent to the filing of a lawsuit deprive the court of the ability to give the plaintiff meaningful relief." (citation modified)).

Here, this case has obviously been mooted by USCIS's decision to reconsider its initial decision and reopen the I-129 petition at issue. *See* Dkt. 15-2. Plaintiffs allege that Defendants violated the regulations governing E-2 Treaty Investor status when USCIS failed to consider all documents submitted to prove that Oform was a bona fide enterprise, Dkt. 1 ¶¶ 33–49, but USCIS has now "reconsidered the decision previously issued on your case" and reopened the case. Dkt. 15-2 at 1. Therefore, the Court cannot order Defendants to reopen the administrative proceedings because USCIS has already done so. Even if USCIS's initial denial for change of status was erroneous, a judicial decision cannot afford Plaintiffs any remedy they have not already received from USCIS itself. In short, there is no relief left for this Court to issue. *See Castillo Castillo v. Jaddou*, No. 22-CV-81692-RAR, 2023 WL 5015433, at *3 (S.D. Fla. Aug. 6, 2023) (finding the case and controversy moot when USCIS vacated an initial decision on the plaintiff's E-2 Treaty Investor status).

Next, in the context of an APA challenge, the APA provides authorization of judicial review for cases in which "review [of agency action] is sought not pursuant to specific authorization in the substantive statute." *Lujan v. Nat'l Wildlife Fed'n*,

7

497 U.S. 871, 882 (1990). As such, the APA applies "where the challenged agency action is the denial of a visa petition." *Canal A Media Holding, LLC v. USCIS*, 964 F.3d 1250, 1254 (11th Cir. 2020) (citing *Cabaccang v. USCIS*, 627 F.3d 1313, 1315 (9th Cir. 2010)). To bring suit under the APA, a plaintiff must demonstrate that the decision at issue was a "final agency action." 5 U.S.C. § 704; *Lujan*, 497 U.S. at 882.

Federal courts apply a two-part test to determine whether an agency action is "final" under the APA: "First, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. 590, 597 (2016) (citation modified).  In other words, "[t]he 'core question' about finality 'is whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties.'" *Canal A Media Holding*, 964 F.3d at 1255 (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992)). "In [the Eleventh] [C]ircuit, dismissal for the reason that the challenged agency action was not a final order is a dismissal for lack of subject-matter jurisdiction." *Id.* (citing *LabMD, Inc. v. FTC*, 776 F.3d 1275, 1278, 1280 (11th Cir. 2015)).

Here, the Court also lacks subject-matter jurisdiction under the APA because there is no final agency action. Indeed, USCIS's prior denial now fails both

8

requirements for a final agency action. While the initial I-129 denial on February 3, 2026, might have been a "consummation of USCIS's decision-making process because it was the agency's final word on the matter," *Canal A Media Holding*, 964 F.3d at 1255, USCIS's subsequent reconsideration means there is no longer a final word on Plaintiffs' I-129 petition. *See Castillo Castillo*, 2023 WL 5015433, at *2–3 (noting "courts have held an agency's decision is no longer a final agency action once the agency reopens the administrative proceedings" and finding the USCIS's final decision was "not the consummation of USCIS's decisionmaking process because it was vacated following USCIS's reopening of the administrative proceedings").

As to the second prong, due to the reopening of administrative proceedings on Plaintiffs' I-129 petition, Plaintiffs' rights or obligations have not been determined, and no legal consequences can flow while a new decision is pending. *See* Dkt. 15-1; *Ashmeade v. Wolf*, No. 1:20-CV-4350-MLB, 2021 WL 9385439, at *4 (N.D. Ga. Apr. 27, 2021) ("Plaintiff's application is currently reopened and in the process of being re-adjudicated, so no legal consequences flow from the September 2019 decision. Since USCIS has not yet made a final decision on her reopened application, there is not a 'final agency action' available for judicial review."). Put simply, there is no "final agency action" for this Court to review since Plaintiffs now have another opportunity to obtain adjustment of status from the USCIS.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED:**

1. Plaintiff Colmenares Calderon and Oform's Motion for Preliminary Injunction, Dkt. 8, is **DENIED as moot**.

2. The Complaint, Dkt. 1, is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

3. The Clerk is directed to **TERMINATE** all pending deadlines and **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, April 28, 2026.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**